NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 N. Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6562
    E-mail:    Valerie.Makarewicz@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 8:18-cr-00212-JVS |
|---|---|
| Plaintiff, | UNITED STATES OF AMERICA'S SENTENCING POSITION |
| v. | |
| SUSAN MARGARET WERTH, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz, hereby files its sentencing position.

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Report, the Disclosed Letter, the files and records in this case, and such further evidence and argument as the Court may permit.

The United States of America respectfully requests the opportunity to supplement its sentencing position or otherwise respond to defendant as may become necessary.

Dated: July 15, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

         /s/
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The United States of America submits the following recommendation in advance of defendant's August 5, 2019 sentencing.

As seen in the lengthy agreed-upon factual basis included in the Plea Agreement as Exhibit A (which borrows largely from the Indictment), defendant is a serial fraudster who operated a Ponzi scheme under the pretense that she was investing in "1031 like-kind exchanges" in the commercial real estate arena. However, as defendant has now admitted, she engaged in no business, but rather, used the money from later investors to pay off the loans of earlier investors, while skimming from the loans to pay for her living expenses. Defendant's actions caused her victims to lose large amounts of their retirement, savings, or investment funds. As such, a lengthy sentence of incarceration, 70 months, is appropriate to reflect the seriousness of the offense to which the defendant plead guilty, promote respect for the law, and a punishment justified by the facts of this case and in lock step with the goals of § 3553(a).

**II. SUMMARY OF THE UNITED STATES' SENTENCE RECOMMENDATION**

The United States of America received the Presentence Report ("PSR") and Disclosed Letter and has no objection to the PSR's charge and conviction discussion, offense conduct discussion, the offense level computation, the calculation of defendant's criminal history, sentencing options discussion, or the discussion regarding factors that may warrant a departure or variance. Docket Nos. 27, 28.

Consistent with the PSR and the government's obligations pursuant to the Plea Agreement, the United States recommends that the Court find that defendant's total offense level is 26, criminal

history as category II, and that the advisory guideline range is 70-87 months imprisonment. See PSR, p. 3. The United States respectfully recommends that the Court impose a sentence of 70 months of incarceration, followed by a three-year term of supervised release, and enter a restitution order that defendant pay to the victims as enumerated in Disclosed Letter, pp. 1-2.

**III. PLEA AGREEMENT**

On April 23, 2019, the parties filed a plea agreement with respect to this case. See Docket No. 24. Defendant agreed to plead guilty to count One of the Indictment, which charged defendant with two counts of wire fraud pursuant to 18 U.S.C. § 1343, and two counts of aggravated identity theft pursuant to 18 U.S.C. § 1028A. See Docket Nos. 1, 24.

In addition, defendant and the United States agreed to a total offense level of 26. See Plea Agreement, p. 7. The United States agreed to a two-level downward adjustment for acceptance of responsibility under U.S.S.G. §3E1.1, and herein, moves the court for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b), as to date, defendant has complied with the terms set forth in the Plea Agreement, p. 7.

The parties reserved the right to argue for a sentence outside the guideline sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7). Id., at p. 8.

The parties did not agree as to defendant's criminal history or criminal history category. Id., p. 8.

**IV. RULE 11 HEARING**

On May 9, 2019, defendant pled guilty to count One of the

4

Indictment.  Docket No. 26.

## V. SENTENCING GUIDELINES CALCULATION

Pursuant to the plea agreement in this case, the base offense level under U.S.S.G. § 2B1.1(a)(1)(A) was 7. Plea Agreement, p. 7. Since the loss caused by defendant's criminal conduct was more $3.5 million, an additional 18 level specific offence characteristic was applied under U.S.S.G. § 2B1.1(b)(1)(I). Id.  A victim enhancement of two offense level applied, as two or more victims suffered substantial hardship by defendant's conduct. Id.; PSR, ¶ 27-33. Defendant's scheme used the identity of others that she was not authorized to use, complicated financial documents, and was a complex and especially intricate offense, and as such, a two level enhancement under U.S.S.G. § 2B1.1(b)(10)(C) applied.  PSR, ¶¶ 43-45. After allowing for a three-level reduction for the acceptance of responsibly pursuant to U.S.S.G. § 3E1.1, defendant's total offense level is 26. Plea Agreement, p. 7. An offense level of 26 falls within Zone D of the Sentencing Guidelines, and with a finding that defendant's criminal history category is Level II, results in a range of 70 to 87 months imprisonment.

In the PSR, the United States Pretrial and Probation Office did not identify any factors that would warrant a variance or departure from the advisory guideline range. PSR, ¶¶ 123, 124.  As such, Probation Office recommended a sentence of 70 months imprisonment. Disclosed Letter, p. 2.

## VI. ARGUMENT

Based on the nature and circumstances of the offense committed by defendant and defendant's personal history and characteristics, a Guidelines sentence of 70 months incarceration is necessary to

5

satisfy the mandate of section 3553(a) that the sentence "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offense

Section 3553(a)(1) charges the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, both which weigh in favor of a sentence of imprisonment for 70 months. Defendant's misappropriation of over $6 million of her victims' money is a serious offense that warrants a substantial term of imprisonment.

The level of loss in this matter along with the specific offense characteristic adjustments regarding sophisticated means and substantial financial hardship to victims, reflects a relationship established in the Sentencing Guidelines to the appropriate punishment of 70 months. As the potential benefit from the offense committed by defendant increases, the sanctions necessary to deter also increases.

Defendant's scheme was intricate, complicated, and required detailed knowledge in a niche area of commercial real estate and tax laws that is uncommon to most. The 1031 like-kind exchange rules and regulations for deferred capital gains are not commonly known. PSR, ¶¶ 9-12. Taxpayers who decide to engage in 1031 exchanges are often assisted by people like defendant, who have engaged in exchanges before and know the rules and regulations, but also operate in a

position of trust as an independent third party. PSR, ¶ 12. Once potential investors were interested in her scheme, defendant used intricate legal documents, falsified bank records, and posed as two individuals to induce investors into believing her scheme was a real investment opportunity. PSR, ¶¶ 20-23. To add credence and legitimacy, defendant emailed investors posed as a managing director of Wells Fargo, and sent investors by email fictitious valuation reports by a legitimate employee of Duff & Phelps, who has a doctorate. Defendant took steps to cover her duplicity by using false email and telephone numbers, so in the event that an investor called either individual to verify the statements defendant made and do due diligence on their potential investment, their inquiry would be routed to defendant. PSR, ¶¶ 22-23.

Defendant's conduct affected honest citizens who entrusted defendant with significant amounts of money, some, their retirement funds and savings. PSR, ¶¶ 29-33, 42. Defendant's scheme harmed nine victims who incurred total losses of over $6 million. Two victims enumerated how defendant caused substantial and significant harm to them. J.G. lost two-thirds of his savings to defendant. PSR, ¶ 29. At the age of 72, because of defendant's scheme, he will seek employment in an attempt to recoup the money he lost to defendant. Id. R.C., 62, and her husband, 66, planned to retire in the near future, but after losing over $800,000 to defendant, will not be financially able to do so. PSR, ¶ 30. Victim K.K. discussed how defendant's actions not only cost him $13,600, but effected his life and well-being. PSR, ¶ 33. As for the rest of defendant's victims, whose losses range from $30,000 to a staggering $3,182,000, the money they lost is real and impacts their lives and financial security.

7

PSR, ¶ 121.

**B.  History and Characteristics of the Offender**

Defendant's history and characteristics further support imposition of a sentence of 70 months' imprisonment.

Defendant has committed crimes similar to the instant offense for years. PSR, ¶ 104.  First, defendant was sued civilly in 2012 in the United States District Court, Eastern District of Pennsylvania, and in 2013 in the San Diego County Superior Court. Id.  In both instances, plaintiffs alleged that defendant solicited funds from them with a 100% guarantee, secured by a letter of credit or collateral account, all facts identical to the instant offense. Id. In each case, plaintiffs alleged they lost hundreds of thousands of dollars because of defendant's identical scheme, and now, defendant has judgments of over $781,000 against her.  Undeterred, defendant found new investors to scam through the instant offense.

Second, defendant has two prior convictions for theft, in particular, one against her family for approximately $250,000.  PSR, ¶ 57, 59.  By her own admission, defendant engaged in behavior that is "addictive, controlling, and risk taking."  PSR, ¶ 89.  With both criminal and civil proceedings against her, defendant continued with her schemes undeterred, causing serious economic harm to the community.  Even after her arrest and agreement to a permanent injunction with the SEC to stop her fraudulent activity, defendant attempted to solicit funds in the same manner and for the same scheme that brings her before this Court.  PSR, ¶¶ 7, 103.

However, unlike many criminal defendants, defendant has attained a college education, and received vocational training and work experience.  PSR, ¶¶ 92-94.  She took college-level real estate

8

courses and worked in the field of section 1031 like-kind exchanges for a number of years.  PSR, ¶¶ 94, 98.  Defendant is skilled in writing.  PSR, ¶ 95.  However, instead of using her skills productively and continuing with gainful employment, defendant used her knowledge of a niche area of real estate financing and federal taxes to support her criminal activities.  Then, without permission, defendant used identities of real persons in the financial and real estate sectors to add a layer of credibility to her false pretenses and a level of sophistication that makes her violation of the laws of the United States particularly egregious.

Defendant chose to engage in the criminal conduct to which she plead guilty and for which she is now before the Court for sentencing.  Defendant knew for years that what she was doing was wrong, understood the risks associated with her conduct, and nevertheless, disregarded the trust endowed to her by her clients to use funds in the manner for which they were intended. The facts to which defendant has admitted prove that defendant oversaw a scheme to violate federal law and misappropriate her clients' funds.  These are the facts demonstrate defendant's true character.  Accordingly, this Court should sentence defendant to 70 months imprisonment.

### C. Goals of the Criminal Justice System

Defendant's sentence should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  Respect for the law is critical to the success of the criminal justice system.  This respect is provided by ensuring that the sentence reflects the seriousness of the offense, which in turn, should provide just punishment for all interests involved.

Defendant has pleaded guilty to federal offenses from which she

has derived pecuniary benefits. In addition to promoting the general public's respect for the law, it is also important to promote this defendant's respect for the law. Defendant had, on at least four occasions through two civil and two criminal cases, been warned about her actions, yet persisted in her harmful conduct against others. Secondly, as seen by defendant's post-arrest behavior, the threat of recidivism is high. This court needs to stop defendant from committing further crimes, while protecting the public from defendant. A sentence of 70 months imprisonment is just.

### D. Adequate Deterrence to Criminal Conduct

Defendant's sentence must provide adequate deterrence to criminal conduct, both to deter the defendant from committing future crimes, and also deter others who made by disposed to commit similar offenses. Specific deterrence is important in this matter – as argued above, defendant had many chances to correct her past conduct, yet chose to continue in the same vein. This court needs to sentence defendant to a significant term of imprisonment to ensure that defendant, upon release, will not continue her criminal pattern of behavior.

Furthermore, general deterrence is important in this case – the public should be aware that crimes like defendant's are met with stiff penalties, including long terms of incarceration. A sentence of 70 months imprisonment is appropriate.

## VII. CONCLUSION

This Court must fashion a sentence for defendant that promotes respect for the law. The sentence must generally reflect the seriousness of the offense committed by defendant, as well as provide a message both specifically to her and generally to others who have

the opportunity to misuse others' funds to enhance their own wealth and reputation.  Defendant's criminal conduct was not born out of any economic necessity, or lack of formal education.  It was born out of greed and impulse. Defendant's lies were legion.  She made multiple affirmative misrepresentations and innumerable intentional omissions. Defendant may now acknowledge that she knew her actions were wrong, yet she never yielded to an desire to do the right thing or to stop her criminal conduct.  Defendant opted to persist in long-term criminal conduct despite grave personal risk and the destructive consequences of her actions.

    A sentence below the Guidelines would utterly fail to reflect the seriousness of the offenses to which the defendant plead guilty, fail to promote respect for the law, and would result in a punishment far beneath what is justified by the facts of this case, frustrating the goals of § 3553(a).  The United States urges this Court to sentence defendant to the period of incarceration called for under the Sentencing Guidelines, 70 months.

                                       Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney
                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division

DATED: \_\_\_\_\_7/15/19_____  \_/s/_____
                                       VALERIE L. MAKAREWICZ
                                       Assistant United States Attorney
                                       Attorneys for the United States